UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STYLE STITCH, INC.,**<br>        Plaintiff,<br>v.<br>**THE AVYAN GROUP, LLC,**<br>        Defendant. | Civil Action No. 3:26-cv-03961-MAS-TJB<br><br>**ANSWER**<br><br>**(Jury Trial Demanded)** |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant The Avyan Group, LLC ("Defendant" or "TAG"), by and through its undersigned counsel, hereby answers the Complaint of Plaintiff Style Stitch, Inc. ("Plaintiff" or "SSI") and asserts its Affirmative Defenses and Counterclaims as follows. Except as expressly admitted herein, Defendant denies each and every allegation of the Complaint, including all headings, captions, footnotes, and prayers for relief, and demands strict proof thereof at trial.

**NATURE OF THIS ACTION**

1.      Paragraph 1 contains an introductory statement and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 1, except admits that Plaintiff purports to bring this action.

**THE PARTIES**

2.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

3.      Admitted that The Avyan Group, LLC is a limited liability company organized under the laws of New Jersey with its principal place of business at 5 Cambridge Way, Princeton Junction, New Jersey 08550.

4.   Admitted.

## JURISDICTION AND VENUE

5.   Paragraph 5 states a legal conclusion to which no response is required. To the extent a response is required, Defendant does not contest subject matter jurisdiction for purposes of this action.

6.   Defendant consents to the personal jurisdiction of this Court for purposes of this action; the remaining allegations of Paragraph 6 state legal conclusions to which no response is required.

7.   Admitted that venue is proper in this District for purposes of this action.

## FACTUAL ALLEGATIONS

8.   Admitted that Sumit Chowdhary previously held positions in the apparel industry in the New York metropolitan area; the remaining allegations of Paragraph 8 are denied.

9.   Admitted that The Avyan Group, LLC was formed in 2021; the remaining allegations of Paragraph 9 are denied as stated.

10.   Denied as stated.

11.   Denied as stated.

12.   Denied as stated.

13.   Denied as stated.

14.   Denied.

15.   Denied.

16.   Denied.

17.   Denied.

18.   Denied.

19.   Denied as stated.

20.   Denied.

21.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies them; the document referenced speaks for itself, and Defendant denies any characterization inconsistent therewith.

22.   The document referenced speaks for itself, and Defendant denies any characterization inconsistent therewith.

23.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them; the document referenced speaks for itself, and Defendant denies any characterization inconsistent therewith.

24.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies them; the document referenced speaks for itself, and Defendant denies any characterization inconsistent therewith.

25.   Denied.

26.   Denied as stated.

27.    Denied.

28.    Denied.

29.    Denied.

30.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and therefore denies them; the documents referenced speak for themselves.

31.    Denied.

32.    The document referenced speaks for itself, and Defendant denies any characterization inconsistent therewith.

33.    Denied as stated; the documents referenced speak for themselves.

34.    Denied.

35.    Denied.

36.    Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

37.    Denied as stated.

38.    Denied.

39.    Denied.

## COUNT ONE

**(Breach of Contract Under the Uniform Commercial Code)**

40.   Defendant repeats and reasserts each of its responses to the foregoing paragraphs as if fully set forth at length herein.

41.   Paragraph 41 states a legal conclusion to which no response is required. To the extent a response is required, the allegations are denied.

42.   Denied.

43.   Denied; this paragraph also states legal conclusions to which no response is required.

44.   Denied; this paragraph also states legal conclusions to which no response is required.

45.   Denied; this paragraph states legal conclusions to which no response is required.

46.   Denied.

**COUNT TWO**

**(Unjust Enrichment — Pled in the Alternative)**

47.   Defendant repeats and reasserts each of its responses to the foregoing paragraphs as if fully set forth at length herein.

48.   Paragraph 48 states a legal conclusion to which no response is required.

49.   Denied.

50.   Denied.

51.   Denied.

52.   Denied; this paragraph also states legal conclusions to which no response is required.

53.   Denied.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of the following matters, and reserving the right to assert additional affirmative defenses as further information becomes available, Defendant asserts the following Affirmative Defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to the four-year limitations period applicable to actions for breach of any contract for the sale of goods under N.J.S.A. 12A:2-725, and the limitations period applicable to claims for unjust enrichment under New Jersey law.

### THIRD AFFIRMATIVE DEFENSE
### (Statute of Frauds)

Plaintiff's claims are barred, in whole or in part, by the statute of frauds, including N.J.S.A. 12A:2-201.

### FOURTH AFFIRMATIVE DEFENSE
### (Payment / Accord and Satisfaction)

Plaintiff's claims are barred, in whole or in part, by payment, accord and satisfaction, and/or release.

### FIFTH AFFIRMATIVE DEFENSE

**(Setoff and Recoupment)**

Defendant is entitled to set off and/or recoup any amounts allegedly owed to Plaintiff against amounts owed to Defendant by Plaintiff, including, without limitation, amounts arising from Plaintiff's own breach of contract, defective performance, and the delivery of nonconforming goods.

**SIXTH AFFIRMATIVE DEFENSE**
**(Breach of Warranty / Nonconforming Goods)**

Plaintiff's claims are barred, in whole or in part, because the goods supplied by Plaintiff failed to conform to the contract requirements with respect to quality, quantity, specifications, and/or timeliness, and breached the warranties imposed by N.J.S.A. 12A:2-313, 12A:2-314, and 12A:2-315.

**SEVENTH AFFIRMATIVE DEFENSE**
**(No Acceptance / Rightful Rejection / Revocation)**

To the extent Defendant did not accept the goods within the meaning of N.J.S.A. 12A:2-606, rightfully rejected nonconforming goods under N.J.S.A. 12A:2-602, or properly revoked acceptance under N.J.S.A. 12A:2-608, no obligation to pay the contract price arose under N.J.S.A. 12A:2-607.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Plaintiff's Prior Material Breach)**

Any performance owed by Defendant was excused, in whole or in part, by Plaintiff's prior material breach of the contracts at issue.

**NINTH AFFIRMATIVE DEFENSE**
**(Failure to Mitigate)**

Plaintiff failed to take reasonable steps to mitigate its alleged damages, and any recovery should be reduced or barred accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Laches)

Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law / Existence of Express Contract)

Plaintiff's claim for unjust enrichment is barred because an adequate remedy at law exists, and/or because Plaintiff alleges that an express contract governs the same subject matter.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

Defendant reserves the right to assert such additional affirmative defenses as may become apparent during the course of discovery and other proceedings in this action.

## JURY DEMAND

Defendant/Counterclaim-Plaintiff hereby demands a trial by jury, pursuant to Federal Rule of Civil Procedure 38, on all issues so triable.

Dated: May 21, 2026

**THE LAW OFFICE OF AVRAM E. FRISCH LLC**

By:   /s/ Avram E. Frisch
      Avram E. Frisch, Esq.
      1 University Plaza, Suite 119
      Hackensack, NJ 07601
      Telephone: (201) 289-5352
      Facsimile: (866) 883-9690
      frischa@avifrischlaw.com
      Attorneys for Defendant
      The Avyan Group, LLC

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Avram E. Frisch, Esq., attorney for Defendant/Counterclaim-Plaintiff The Avyan Group, LLC, hereby certify pursuant to Local Civil Rule 11.2 that, to the best of my knowledge, the matter in controversy in this action was previously the subject of a civil action captioned Style Stitch, Inc. v. The Avyan Group, LLC, Case No. 1:23-cv-10701 (MKV), filed in the United States District Court for the Southern District of New York, which was dismissed without prejudice for lack of personal jurisdiction on September 23, 2025. Other than the foregoing, no other action is pending in any court, and no pending arbitration or administrative proceeding involves the matter in controversy.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: May 21, 2026

/s/ Avram E. Frisch
Avram E. Frisch, Esq.