LAWRENCE C. HERSH
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
lh@hershlegal.com

Sumeer Kakar, Esq. (pro hac vice to be filed)
Kakar, P.C.
1407 Broadway, Suite 1620
New York, NY 10018
(646) 760-7013
sk@kakarlaw.net

Attorneys for Plaintiff and Counterclaim-Defendant Style Stitch, Inc.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| STYLE STITCH, INC., | Civil Action No. 3:26-cv-03961-MAS-TJB |
| Plaintiff, | **ANSWER TO COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |
| v. | |
| | (Jury Trial Demanded) |
| THE AVYAN GROUP, LLC, | |
| Defendant. | |

### PLAINTIFF'S ANSWER TO COUNTERCLAIMS
### AND AFFIRMATIVE DEFENSES

Plaintiff/Counterclaim-Defendant Style Stitch, Inc. (**"SSI"**), by and through its

undersigned attorneys, hereby answers the Counterclaims asserted by Defendant/Counterclaim-

Plaintiff The Avyan Group, LLC (**"TAG"**) in its First Amended Answer, Affirmative Defenses,

and Counterclaims (ECF No. 10). The numbered paragraphs below correspond to the numbered

paragraphs of TAG's Counterclaims. Except as expressly admitted herein, SSI denies each and

every allegation of the Counterclaims, including all headings, captions, footnotes, and prayers for

relief, and demands strict proof thereof at trial. SSI responds based upon the knowledge,

1

information, and belief reasonably available to it as of the date of this pleading; SSI has not completed its investigation or discovery, and reserves the right to amend or supplement this Answer, its Affirmative Defenses, and its responses as additional information becomes available.

## PARTIES, JURISDICTION, AND VENUE

1.  Admitted.

2.  Admitted.

3.  Paragraph 3 states legal conclusions regarding jurisdiction to which no response is required. To the extent a response is required, SSI admits that this Court has subject matter jurisdiction over this action. SSI denies that TAG is entitled to any recovery on its Counterclaims, and denies the remaining allegations of Paragraph 3.

4.  Paragraph 4 states legal conclusions regarding venue to which no response is required. To the extent a response is required, SSI admits that venue is proper in this District and denies the remaining allegations of Paragraph 4.

## GENERAL FACTUAL ALLEGATIONS

5.  Admitted that, beginning in or about 2022, SSI and TAG entered into several purchase-order contracts under which SSI agreed to manufacture and supply women's apparel to TAG. Except as expressly admitted, the allegations of Paragraph 5 are denied.

6.  The purchase-order contracts referenced in Paragraph 6 speak for themselves, and SSI denies any characterization inconsistent with their terms. Except as so stated, the allegations of Paragraph 6 are denied.

7.  Denied.

**PURCHASE ORDER NO. 900064**

8. Admitted that TAG issued a purchase order designated No. 900064 to SSI for the manufacture and supply of women's apparel. Except as expressly admitted, the allegations of Paragraph 8 are denied.

9. The document referenced in Paragraph 9 speaks for itself, and SSI denies any characterization inconsistent with its terms. Except as so stated, the allegations of Paragraph 9 are denied.

10. Admitted that SSI accepted Purchase Order No. 900064 and proceeded with production. Except as expressly admitted, the allegations of Paragraph 10 are denied.

11. On information and belief, SSI manufactured and shipped goods to TAG under Purchase Order No. 900064; SSI denies that those goods were manufactured using poor-quality fabric, that they failed to match the samples approved by TAG, or that they were nonconforming in any respect. Except as expressly stated, the allegations of Paragraph 11 are denied.

12. Denied.

13. Denied that the goods delivered under Purchase Order No. 900064 were nonconforming, and denied that any liquidation by TAG resulted from any nonconformity of those goods. On information and belief, TAG took delivery of and accepted the goods. Except as so stated, the allegations of Paragraph 13 are denied.

14. Denied.

**PURCHASE ORDER NO. 900066**

15. Admitted that TAG issued a document designated Purchase Order No. 900066. Except as expressly admitted, the allegations of Paragraph 15 are denied.

16. Admitted that PO 900066 constituted a purchase-order contract between SSI and TAG for the sale of goods; on information and belief, SSI undertook to manufacture and deliver goods thereunder. Except as expressly admitted, the allegations of Paragraph 16 are denied.

17. Denied.

18. Denied. On information and belief, SSI manufactured, shipped, and delivered goods to TAG under Purchase Order No. 900066 and invoiced TAG therefor, and TAG failed to pay in full. Except as expressly stated, the allegations of Paragraph 18 are denied.

19. SSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 concerning TAG's relationships with, or commitments to, its retail customers, and on that basis denies them. The remaining allegations of Paragraph 19 are denied.

20. Denied.

**COUNTERCLAIM COUNT I**
**(Breach of Contract — PO 900064)**

21. SSI repeats and incorporates by reference its responses to Paragraphs 1 through 20 of the Counterclaims as if fully set forth at length herein.

22. Paragraph 22 states legal conclusions to which no response is required. To the extent a response is required, SSI admits that Purchase Order No. 900064 constituted a contract for the sale of goods governed by Article 2 of the Uniform Commercial Code as codified at N.J.S.A. 12A:2-101 *et seq.*, and denies the remaining allegations of Paragraph 22.

23. Denied.

24.    Denied. SSI further states that Paragraph 24 sets forth legal conclusions to which no response is required.

25.    Denied.

## COUNTERCLAIM COUNT II
### (Breach of Express and Implied Warranties — PO 900064)

26.    SSI repeats and incorporates by reference its responses to Paragraphs 1 through 25 of the Counterclaims as if fully set forth at length herein.

27.    Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 27 are denied.

28.    Paragraph 28 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 28 are denied.

29.    Paragraph 29 states legal conclusions to which no response is required. To the extent a response is required, the allegations of Paragraph 29 are denied.

30.    Denied.

31.    Denied.

## COUNTERCLAIM COUNT III
### (Breach of Contract — PO 900066)

32.    SSI repeats and incorporates by reference its responses to Paragraphs 1 through 31 of the Counterclaims as if fully set forth at length herein.

33.    Paragraph 33 states a legal conclusion to which no response is required. To the extent a response is required, SSI admits that Purchase Order No. 900066 constituted a contract for the sale of goods governed by Article 2 of the Uniform Commercial Code as codified

at N.J.S.A. 12A:2-101 *et seq.*, denies that SSI breached that contract, and denies the remaining allegations of Paragraph 33.

34.     Denied.

35.     Denied. On information and belief, SSI delivered goods to TAG under Purchase Order No. 900066, and any breach of that contract was committed by TAG through its failure to pay for the goods delivered.

36.     Denied.

## RESPONSE TO PRAYER FOR RELIEF

SSI denies that TAG is entitled to judgment or to any of the relief requested in subparagraphs (a) through (f) of the Counterclaims' Prayer for Relief, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof or persuasion that it would not otherwise bear, and reserving the right to assert additional defenses as discovery proceeds, SSI asserts the following affirmative and other defenses to TAG's Counterclaims:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims, in whole or in part, fail to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Conforming Goods / No Breach)

TAG's Counterclaims are barred, in whole or in part, because the goods SSI manufactured and delivered conformed in quality, specification, and all other material respects to the requirements of the parties' contracts.

6

### THIRD AFFIRMATIVE DEFENSE
### (Acceptance of Goods)

TAG's Counterclaims are barred, in whole or in part, because TAG accepted the goods within the meaning of N.J.S.A. 12A:2-606 and failed to make any effective rejection under N.J.S.A. 12A:2-602 or any effective revocation of acceptance under N.J.S.A. 12A:2-608.

### FOURTH AFFIRMATIVE DEFENSE
### (Failure to Give Timely Notice of Breach)

TAG's Counterclaims are barred, in whole or in part, by TAG's failure to notify SSI of any alleged breach within a reasonable time after it discovered or should have discovered it, as required by N.J.S.A. 12A:2-607(3)(a).

### FIFTH AFFIRMATIVE DEFENSE
### (Plaintiff-Counterclaim-Defendant's Performance; TAG's Prior Material Breach)

TAG's Counterclaims are barred, in whole or in part, by TAG's own prior material breach of the parties' contracts, including its failure to pay the agreed price for goods sold and delivered, which excused any further performance by SSI.

### SIXTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

Any amounts allegedly owed by SSI to TAG must be set off and/or recouped against the amounts TAG owes SSI for goods sold and delivered, as set forth in SSI's Complaint.

### SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

TAG failed to take reasonable steps to mitigate its alleged damages, and any recovery must be reduced or barred accordingly.

### EIGHTH AFFIRMATIVE DEFENSE
### (Speculative and Unrecoverable Damages)

TAG's alleged damages, including its claimed consequential, incidental, and reputational damages, are speculative, unforeseeable, not proximately caused by SSI, and/or not recoverable under N.J.S.A. 12A:2-714 and 12A:2-715.

## NINTH AFFIRMATIVE DEFENSE
### (Performance by SSI)

On information and belief, SSI performed its obligations under the parties' purchase-order contracts, including by manufacturing, shipping, and delivering goods that TAG accepted; TAG's Counterclaims are barred to the extent they rest on allegations that SSI failed to deliver goods or delivered nonconforming goods.

## TENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

TAG's Counterclaims are barred, in whole or in part, by the applicable statute of limitations, including N.J.S.A. 12A:2-725.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, and Laches)

TAG's Counterclaims are barred, in whole or in part, by the doctrines of waiver, estoppel, and/or laches.

## TWELFTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

TAG's Counterclaims are barred, in whole or in part, by the doctrine of unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

SSI reserves the right to assert such additional affirmative or other defenses as may become apparent during discovery or otherwise in this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff/Counterclaim-Defendant Style Stitch, Inc. respectfully demands judgment:

(a) dismissing TAG's Counterclaims in their entirety, with prejudice;

(b) denying TAG any relief on its Counterclaims;

(c) awarding SSI its costs of suit and attorneys' fees to the extent permitted by law or contract; and

(d) granting such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff/Counterclaim-Defendant Style Stitch, Inc. hereby demands a trial by jury, pursuant to Federal Rule of Civil Procedure 38, on all issues so triable.

Dated: July 7, 2026

LAWRENCE C. HERSH

By: /s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.
17 Sylvan Street, Suite 102B
Rutherford, NJ 07070
(201) 507-6300
lh@hershlegal.com

Sumeer Kakar, Esq. (pro hac vice to be filed)
Kakar, P.C.
1407 Broadway, Suite 1620
New York, NY 10018
(646) 760-7013
sk@kakarlaw.net

Attorneys for Plaintiff and Counterclaim-Defendant
Style Stitch, Inc.

9

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I, Lawrence C. Hersh, Esq., attorney for Plaintiff/Counterclaim-Defendant Style Stitch, Inc., hereby certify pursuant to Local Civil Rule 11.2 that, to the best of my knowledge, the matter in controversy in this action was previously the subject of a civil action captioned *Style Stitch, Inc. v. The Avyan Group, LLC*, Case No. 1:23-cv-10701 (MKV), filed in the United States District Court for the Southern District of New York, which was dismissed without prejudice for lack of personal jurisdiction on September 23, 2025. Other than the foregoing, no other action is pending in any court, and no pending arbitration or administrative proceeding involves the matter in controversy.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: July 7, 2026

By:  /s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and correct copy of the foregoing Answer to Counterclaims and Affirmative Defenses was filed via the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

Dated: July 7, 2026

/s/ Lawrence C. Hersh
Lawrence C. Hersh, Esq.